IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>      Plaintiff,<br><br>   v.<br><br>CDCR DIRECTOR,<br><br>      Defendant. | Case No.: C-12-06414 JSC<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT (Dkt. No. 14); ORDER DENYING MOTION FOR SANCTIONS (Dkt. No. 29); ORDER RE: MOTION TO DISMISS (Dkt. No. 16)** |

Now pending before the Court is Defendant California Department of Corrections and Rehabilitation ("CDCR") Director J. Beard's Motion to Dismiss. (Dkt. No. 16.) Also pending before the Court is Plaintiff's Motion for Default Judgment (Dkt. No. 14), and Plaintiff's Motion for Sanctions (Dkt. No. 29). After carefully considering the record in this case, and having had the benefit of oral argument on July 11, 2013, the Court DENIES Plaintiff's Motions and rules in regards to Defendant's motion as set forth below.

**BACKGROUND**

Plaintiff's original complaint, filed on December 18, 2012, alleges various civil rights claims arising out of his former imprisonment in California. (Dkt. No. 1.) On April 15, 2013 Plaintiff served

summons on "Defendant's legal counsel." (Dkt. No. 11.) The proof of service states that service was made on "CDCR Director c/o Attorney General of California" by serving "Florette Yea," who is "authorized to accept service." (*Id.*) Plaintiff filed a motion for default judgment on May 15, 2013. (Dkt. No. 14.) Defendant specially appeared in this action one week later, when he filed a motion to dismiss based on insufficient service of process. (Dkt. No. 16.)

Defendant's motion seeks to dismiss Plaintiff's Complaint on three grounds: 1) insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5); 2) untimely service of process pursuant to Federal Rule of Civil Procedure 4(m) and Rule 12(b)(5); and sua sponte dismissal under Federal Rule of Civil Procedure 12(b)(6).[1]

## DISCUSSION

### A. Insufficient service of process

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A court may dismiss the action without prejudice pursuant to Rule 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent substantial compliance with Rule 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (internal quotation marks omitted). Rule 4 permits service of process by, among other things, following state law in the state where the district court is located or where service is made, or delivering a copy of summons to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e). Under California law, process can be served by delivering the summons and complaint to the defendant personally, or to an agent authorized to receive service of process. Cal. Code Civ. Proc. § 416.90.

---

[1] Because Plaintiff did not file an opposition to Plaintiff's motion as required by this District's local rules, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for failure to prosecute ("OSC"). (Dkt. No. 24.) Plaintiff timely responded to the OSC. Plaintiff asserts that his failure to timely file an opposition to Defendant's motion should be excused because of his pro se status and because of unspecified injuries he allegedly suffered while imprisoned. (Dkt. No. 26.) The Court concludes that good cause exists to excuse Plaintiff's untimely opposition and the OSC is therefore discharged.

2

Plaintiff's opposition to the motion does not address Defendant's challenge to the validity of service.  Nevertheless, Plaintiff's proof of service suggests that Plaintiff believes service was valid because it was served on Defendant's legal counsel, the California Attorney General's Office, who was "authorized to accept service" on Defendant's behalf.  However, Defendant has submitted the uncontroverted declaration of an employee with the California Attorney General's Office, which provides that "[t]he Attorney General's Office is not authorized to accept service of process on behalf of the secretary of the [CDCR]."  (Dkt. No. 17 ¶ 4.)  The Court notes that it appears the Attorney General's Office informed Plaintiff's process servers, and even Plaintiff himself, that his attempts to serve the CDCR director were ineffective since the Attorney General's Office is not authorized to accept service on the director's behalf.[2]  (*See* Dkt. No. 17 ¶ 4; Dkt. No. 18, Ex. A.)

Given this unchallenged evidence, the Court concludes that Plaintiff has not met his burden in establishing that service was valid under Rule 4.  The Court, however, declines to dismiss Plaintiff's complaint on this basis at this time, considering Plaintiff's pro se status and his repeated, albeit misguided, attempts to serve Defendant in this action.  The motion is taken under submission.  Plaintiff shall have 60 days from the date of this Order in which to serve Defendant.  If Plaintiff fails to properly serve Defendant by that time, Plaintiff's complaint will be dismissed.

In addition, because Plaintiff has not properly served Defendant, his motion for default judgment is DENIED.  Further, Plaintiff's sanctions motion is also DENIED as it is based on Plaintiff's incorrect assertion that Defendant's motion to dismiss is frivolous.

**B.**     **Untimely service of process**

"If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  It has now been 206 days since Plaintiff filed his complaint.  Although Plaintiff appears to have been aware for some time now that his service on the Attorney General's Office was ineffective, Plaintiff has given no indication that he has

---

[2] Defendant has not, however, revealed who *is* authorized to accept service on his behalf.  At the hearing on the motions, Defendant represented that the relevant information for service may be found on CDCR's website.

3

attempted to properly serve Defendant. However, given Plaintiff's pro se status, the Court concludes that dismissing Plaintiff's complaint on this basis is unwarranted.

### C. *Sua Sponte* Dismissal

Finally, Defendant argues that the Court should *sua sponte* dismiss Plaintiff's complaint under Rule 12(b)(6) because the complaint is "patently without merit." (Dkt. No. 16 at 6-7.) Federal judges may dismiss complaints *sua sponte* when they fail to state a claim, but must give notice of their intention to invoke Rule 12(b)(6) and afford plaintiff an opportunity to submit a written memorandum in opposition of such motion. *See Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981). "[S]uch a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). While the Court recognizes that California courts have deemed Plaintiff a vexatious litigant, and that Plaintiff has had several other similar suits dismissed as frivolous, *see, e.g., Bravo v. Benitez*, 2012 U.S. Dist. LEXIS 33465 (S.D. Cal. Mar. 13, 2012), the Court concludes that it cannot dismiss Plaintiff's Complaint without giving Plaintiff notice. While Plaintiff's complaint is largely incoherent, claims for false imprisonment and violation of one's civil rights against Defendant are undoubtedly possible claims.

The Court hereby notices Plaintiff that his present Complaint is deficient and is likely subject to dismissal for failure to state a claim. Plaintiff's Complaint is comprised of various claims based on constitutional and penal code violations. The majority of Plaintiff's Complaint appears to be based on the belief that he was falsely imprisoned following his refusal to sign a "parole contract." However, California law allows for the revocation of parole, and thus continued imprisonment, where a prisoner refuses to sign his conditions of parole. *See* Cal. Penal Code § 3060.5 ("Notwithstanding any other provision of law, the parole authority shall revoke the parole of any prisoner who refuses to sign a parole agreement setting forth the general and any special conditions applicable to the parole . . . ."); *see also Wilson v. Schwarzenegger*, 2010 WL 5422511, at *5 (C.D. Cal. Nov. 16, 2010) ("California's requirement that inmates must sign the Notice and Conditions of Parole form does not violate federal law or the constitution."); *Reed v. Kernan*, 2008 WL 906098, at *4 (E.D. Cal. Apr. 2, 2008) ("As to the generic question of whether the CDC could require petitioner to sign a form stating conditions of parole, the answer is 'yes.'"). Further, Plaintiff appears to incorrectly believe that this parole

requirement is imposed "without a court of law trial." (Dkt. No. 6 ¶ 36.) As already explained by a court in this Circuit analyzing the same allegation, "Plaintiff's conceptual miscue here on the merits is that he does not view parole as part of his criminal sentence. It certainly is." *Crosby v. Woodford*, 2006 WL 190827, at *4 n.10 (E.D. Cal. Jan. 23, 2006). Thus, to the extent Plaintiff's claims are based on the requirement that he sign the conditions of parole or face continued imprisonment, Plaintiff's claims are likely to fail.

In addition, Plaintiff's Complaint appears to base Defendant's liability, at least in part, on the wrongful actions of non-parties. Specifically, Plaintiff alleges that Defendant entered into a conspiracy to imprison him, abuse him, and to create fraudulent medical records that diagnosed him as having a mental illness. The problem with these allegations is that they are conclusory. "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Plaintiff's Complaint is devoid of facts that support a plausible inference that Defendant entered into a conspiracy to keep Plaintiff imprisoned, abuse him while he remained imprisoned, and alter his medical records. Plaintiff's Complaint appears to allege that Defendant's motive for entering into the conspiracy was to silence Plaintiff following Plaintiff's discovery that CDCR was wrongfully requiring inmates to sign conditions of parole and imprisoning them if they did not sign. (*See* Dkt. No. 6 ¶¶ 33-38.) However, as already explained above, the alleged CDCR actions in regards to the conditions of parole are lawful; Defendant had nothing to hide. Thus, Plaintiff's proffered motive theory is unfounded.

Finally, Plaintiff's claims based on penal code violations are not viable because they do not create a private right of action; that is, the law does allow a private plaintiff to bring an action based on a violation of those criminal statutes. *See Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968) (stating that § 241 does not provide a private right of action); *Bolbol v. City of Daly City*, 2011 WL 3156866, at *5 (N.D. Cal. July 26, 2011) ("Several district courts have held that there is no private right of action for a violation of § 236."); *Cobb v. Consunji*, 2011 WL 6813221, at *10 (N.D. Cal. Dec. 28, 2011) ("Section 182 is a criminal statute that provides no private right of action or civil remedy.").

5

In light of the Complaint's deficiencies, the Court hereby orders Plaintiff to file an amended complaint within 30 days of the date of this Order. If Plaintiff does not file an amended complaint, this action may be dismissed *sua sponte* under Rule 12(b)(6).

**CONCLUSION**

For the reasons stated, Plaintiff's Motions for Default Judgment and for Sanctions are DENIED. Defendant's Motion to Dismiss is taken under submission. Plaintiff shall file an amended complaint within 30 days of the date of this Order, and Plaintiff shall serve the amended complaint on Defendant within 60 days of the date of this Order.

IT IS SO ORDERED.

Dated: July 17, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE