IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>        Plaintiff,<br><br>   v.<br><br>J. BEARD, and JULIE NAUMAN<br><br>        Defendants. | Case No.: C-12-06414 JSC<br><br>**ORDER GRANTING DEFENDANT NAUMAN'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR SANCTIONS; DISMISSING DEFENDANT BEARD WITHOUT PREJUDICE** |

    Now pending before the Court is Defendant Executive Officer of the California Victim Compensation and Government Claims Board ("Claims Board") Julie Nauman's motion to dismiss and Plaintiff Victor J. Bravo's motion for sanctions. (Dkt. Nos. 38, 43.) Because the Court finds the motions suitable for disposition without oral argument pursuant to Local Rule 7–1(b), the Court VACATES the hearing set for October 31, 2013. After carefully considering the record in this case, the Court GRANTS Defendant's motion with leave to amend and DENIES Plaintiff's motion.[1]

---

[1] Plaintiff and Defendant Nauman have both consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Although Defendant Beard has not yet filed a notice of consent or declination, as a party who has not yet been served, his consent is not required for jurisdiction. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011).

## BACKGROUND

Plaintiff's original complaint, filed on December 18, 2012, alleged various civil rights claims arising out of his former imprisonment in California. (Dkt. No. 1.) Plaintiff filed an Amended Complaint three months later, alleging the same claims. (Dkt. No. 6.) Defendant J. Beard, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), specially appeared to challenge service of process and moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(5). (Dkt. No. 16.) On July 17, 2013, the Court took Defendant Beard's motion under submission and put Plaintiff on notice that his Amended Complaint, which failed to state a claim for relief, was subject to sua sponte dismissal. (Dkt. No. 31.) The Court gave Plaintiff 30 days to file a second amended complaint and 60 days to serve the amended complaint on Beard. The Court warned Plaintiff that if he "fails to properly serve Defendant by that time, Plaintiff's complaint will be dismissed." (*Id.* at 3.)

Plaintiff's Second Amended Complaint ("SAC"), while maintaining many of the same allegations and legal conclusions found insufficient in the previous Order, includes new allegations and claims against Defendant Nauman. Specifically, Plaintiff alleges that Nauman, along with Beard, violated Plaintiff's rights to "due process of law" by "illegally refusing to grant the Plaintiff's application(s) for the statutory reimbursement(s) for being falsely imprisoned by the [CDCR]." (Dkt. No. 34 at 26.) Plaintiff also appears to allege an additional constitutional tort claim against Defendants based on the alleged denial of reimbursement, as well as the alleged conspiracy to imprison and abuse that was alleged in the Amended Complaint. (*Id.*)

Plaintiff served Defendant Nauman with the SAC by personal service two days after it was filed. (Dkt. No. 36.) Nauman does not contest service. In addition, there is no indication in the record that Plaintiff has served Defendant Beard with the SAC as he was ordered to do.

Nauman now moves to dismiss the SAC, arguing that, among other things, the Court lacks subject matter jurisdiction over Plaintiff's claim that he was wrongfully denied statutory reimbursement under California Penal Code Section 4900, *et seq.*

//
//

**LEGAL STANDARD**

Pursuant to Rule 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 (9th Cir. 2012) (internal quotation marks and citation omitted). "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). "It is well established that the plaintiff is the 'master' of his complaint and may decide what law he will rely upon." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal quotation marks omitted).

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004);

*see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, 132 S. Ct. 2101 (2012). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* at 342 (internal quotations and citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Due Process Claim

Nauman argues that the Court should dismiss Plaintiff's purported due process claim for lack of federal jurisdiction. In addition, even if the Court were to exercise subject matter jurisdiction, Nauman argues that Plaintiff's claim still fails because Plaintiff never submitted a claim under Section 4900 as he alleges. Further, Nauman seeks dismissal to the extent the suit is brought against her in her official capacity. Finally, Nauman argues that even if the suit is brought against her in her

1  individual capacity, Plaintiff's claim still fails because he fails to allege Nauman's direct involvement
2  in the review or rejection of his Section 4900 application.

3      Regarding subject matter jurisdiction, Nauman argues that while Plaintiff "purportedly raises a due-process claim under the U.S. Constitution, in actuality his complaint simply seeks review of the Claims Board's rejection of his claim for compensation under state law." (Dkt. No. 38 at 5.) While Nauman's depiction of Plaintiff's claim may be correct, that does not extinguish the federal question on the face of Plainitiff's SAC; that is, whether Nauman violated due process by denying Plaintiff's Section 4900 application. Nauman presents no authority for the proposition that a plaintiff cannot base a due process claim on state-agency decision-making. As discussed below, such action can indeed form the basis of a possible due process claim. Thus, the Court declines to dismiss Plaintiff's SAC for lack of federal jurisdiction.

     Nonetheless, Plaintiff's SAC fails to allege a claim for violation of substantive due process.[2] "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). If a plaintiff can show a deprivation of a liberty interest, the plaintiff must also show an arbitrary deprivation of that interest. *See Brittain*, 451 F.3d at 991. When executive action is at issue, that is, a specific act of a governmental officer, "only egregious official conduct can be said to be arbitrary in the constitutional sense: it must amount to an abuse of power lacking any reasonable justification in the service of a legitimate governmental objective." *Shanks*, 540 F.3d at 1088; *see also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 198 (2003) (rejecting substantive due process claim because city engineer's refusal to issue building permits "in no sense constituted egregious or arbitrary government conduct"). Decisions based upon erroneous legal interpretation or made with a lack of due care are not necessarily constitutionally arbitrary. *See Shanks*, 540 F.3d at 1089; *see also Brittain*, 451 F.3d at 996 ("[S]ubstantive due process secures

---

[2] Because Plaintiff's SAC makes no allegation of a lack of process, the Court does not interpret his claim as also alleging a violation of procedural due process.

individuals from 'arbitrary' government action that rises to the level of 'egregious conduct,' not from reasonable, though possibly erroneous, legal interpretation."). A plaintiff cannot sustain a substantive due process claim if "[i]t is at least fairly debatable" that a government entity rationally furthered its legitimate interest through its action. *See Shanks*, 540 F.3d at 1089.

As an initial matter, the Court notes that while Plaintiff alleges he submitted an application for reimbursement for wrongful imprisonment under Section 4900, the documents attached as exhibits to the SAC appear to show that he actually submitted applications for "Crime Victim Compensation," which is also administered by the Claims Board, but governed by a different statute—California Government Code Section 13950, *et seq*. However, whether Plaintiff submitted an application under Section 4900 or Section 13950, his due process claim fails for the same reason.

Even assuming a protected liberty interest, Plaintiff has failed to allege egregious government conduct that could give rise to a claim for violation of substantive due process. Plaintiff alleges that "the VCGCB did violate my right to due process of law by committing 'acts of (governmental) administrative fraud' so as to refuse my claims (request) for statutory reimbursement." (Dkt. No. 34 ¶ 26 (emphasis omitted).) The only fraudulent action Plaintiff identifies is the Claims Board's alleged failure to provide Plaintiff with accurate information regarding when his claim needed to be filed. (*Id.* at ¶ 28.) Because Plaintiff fails to allege facts that plausibly suggest that the Claims Board acted fraudulently, Plaintiff's claim is insufficient. *See Iqbal*, 556 U.S. at 678. Even if Plaintiff was given two different answers regarding when his claim needed to be filed, that fact alone does not plausibly suggest fraudulent behavior, let alone egregious behavior violating substantive due process. Further, even if the Claims Board denied Plaintiff's application based on an erroneous interpretation of the timing requirements, such an error would not amount to a constitutional violation. *See Brittain*, 451 F.3d at 996 ("[S]ubstantive due process secures individuals from 'arbitrary' government action that rises to the level of 'egregious conduct,' not from reasonable, though possibly erroneous, legal interpretation.").

Nor is it plausible that the Claims Board denied Plaintiff's claim so that it could conceal his alleged false imprisonment. As with his Amended Complaint, Plaintiff's SAC insists that Nauman,[3] Beard, and unnamed non-parties engaged in a conspiracy to imprison and abuse him. This conclusory conspiracy allegation fails for the same reasons identified in the Court's previous Order:

> Plaintiff's Complaint is devoid of facts that support a plausible inference that Defendant entered into a conspiracy to keep Plaintiff imprisoned, abuse him while he remained imprisoned, and alter his medical records. Plaintiff's Complaint appears to allege that Defendant's motive for entering into the conspiracy was to silence Plaintiff following Plaintiff's discovery that CDCR was wrongfully requiring inmates to sign conditions of parole and imprisoning them if they did not sign. (*See* Dkt. No. 6 ¶¶ 33-38.) However, as already explained above, the alleged CDCR actions in regards to the conditions of parole are lawful; Defendant had nothing to hide. Thus, Plaintiff's proffered motive theory is unfounded.

(Dkt. No. 31 at 5.) The Court accordingly GRANTS Nauman's motion to dismiss on this basis.

In addition, to the extent Plaintiff brings his lawsuit for monetary damages against Nauman in her official capacity, rather than in her personal capacity, his lawsuit is barred by the Eleventh Amendment. *See Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997). The Court accordingly GRANTS Nauman's motion to dismiss on this additional basis.

## B. Plaintiff's Remaining Claim

Although the basis for Plaintiff's remaining claim is not entirely clear, it appears to be a constitutional tort based on the denial of his reimbursement application and the false imprisonment conspiracy. As stated above, both of those allegations are insufficient to give rise to a constitutional claim. Because Plaintiff does not allege facts that plausibly suggest that Nauman entered into a conspiracy to deny Plaintiff's application and to conceal the alleged false imprisonment, Nauman cannot be liable for the alleged wrongdoing. The Court accordingly GRANTS Nauman's motion to dismiss this claim.

Finally, Plaintiff's sanctions motion is DENIED as it is based on Plaintiff's incorrect assertion that Defendant's motion to dismiss is frivolous.

---

[3] Although Nauman asserts that Plaintiff's claim fails because he does not allege Nauman's "direct involvement" in the review or rejection of his application, (Dkt. No. 38 at 8), Plaintiff's theory of liability regarding Nauman, as it is with Beard, is conspiracy. Nauman cites no authority for the suggested proposition that Plaintiff must allege "direct involvement," as opposed to a conspiracy.

**C.     Defendant Beard**

Although the Court ordered on July 17, 2013 that Plaintiff serve Beard within 60 days, Plaintiff has neither filed any proof of service nor indicated that Beard has been served. The Court earlier warned Plaintiff that his claims against Beard were subject to dismissal if he failed to comply with the Order. The Court accordingly DISMISSES all claims against Beard without prejudice.

## CONCLUSION

For the reasons stated, Defendant Nauman's motion to dismiss is GRANTED and Plaintiff's motion for sanctions is DENIED. An amended complaint, if any, shall be filed within 30 days of the date of this Order. If Plaintiff seeks to allege a claim against any new defendant in this action, Plaintiff must request leave of the Court to do so. In addition, all claims against Defendant Beard are dismissed without prejudice for a failure to serve. Finally, the Case Management Conference scheduled for October 31, 2013 is VACATED.

IT IS SO ORDERED.

Dated: October 30, 2013

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE