IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. BRAVO,<br><br>                    Plaintiff,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>                    Defendant. | Case No.: C-12-06414 JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |

Now pending before the Court is Defendant's motion to dismiss. (Dkt. No. 60.) The Court held a hearing on the motion on February 6, 2014 at which Plaintiff, proceeding pro se, did not appear or otherwise contact the Court. After carefully considering the record in this case, the Court GRANTS Defendant's motion without leave to amend.[1]

//

//

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Plaintiff's original complaint, filed on December 18, 2012, alleged various civil rights claims arising out of his former imprisonment in California.[2] (Dkt. No. 1.) Plaintiff filed an Amended Complaint three months later, alleging the same claims. (Dkt. No. 6.) Defendant J. Beard, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), specially appeared to challenge service of process and moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(5). (Dkt. No. 16.) On July 17, 2013, the Court took Defendant Beard's motion under submission and put Plaintiff on notice that his Amended Complaint, which failed to state a claim for relief, was subject to sua sponte dismissal. (Dkt. No. 31.) The Court gave Plaintiff 30 days to file a second amended complaint and 60 days to serve the amended complaint on Beard.

Plaintiff's Second Amended Complaint, while maintaining many of the same allegations and legal conclusions found insufficient in the previous Order, included new allegations and claims against Executive Officer of the California Victim Compensation and Government Claims Board Julie Nauman. The Court granted Nauman's motion to dismiss with leave to amend, concluding that Plaintiff failed to state a plausible claim for violation of substantive due process as well as a constitutional tort. (Dkt. No. 55.) The Court also dismissed Plaintiff's claims against Defendant Beard since Plaintiff had not filed any proof of service against Beard.

Plaintiff subsequently filed his Third Amended Complaint ("TAC") against CDCR only. (Dkt. No. 56.) As with Plaintiff's previous complaints, the TAC is comprised of various claims based on constitutional and penal code violations. The claims are based on the belief that he was falsely imprisoned and tortured because of his refusal to sign a "parole contract."

//

---

[2] Plaintiff is a frequent filer in the federal and state court systems. The California courts have deemed him to be a vexatious litigant. *See Bravo v. Ismaj*, 99 Cal. App. 4th 211 (2002). Further, Plaintiff has been subjected to a prefiling order in the Ninth Circuit Court of Appeals since early 2009. *See In re Bravo*, No. 08-80086, Dkt. No. 16. Finally, the United States Supreme Court has noted that Plaintiff has "repeatedly abused this Court's process" and, as a result, Plaintiff is barred from filing any future petitions with that Court unless he pays the docketing fee and submits a petition which complies with Rule 33.1. *In re Bravo*, 130 S. Ct. 293 (2009).

2

## LEGAL STANDARD

Pursuant to Rule 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 (9th Cir. 2012) (internal quotation marks and citation omitted). "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). "It is well established that the plaintiff is the 'master' of his complaint and may decide what law he will rely upon." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal quotation marks omitted).

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004);

*see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* at 342 (internal quotations and citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

**DISCUSSION**

Defendant argues that the TAC should be dismissed because it fails to state a claim for relief. The Court agrees. The claims in Plaintiff's TAC are premised on the allegation that Defendant engaged in a conspiracy to force Plaintiff to sign an illegal parole contract, and kept him imprisoned unlawfully because he refused to sign the contract. However, as discussed in its previous Order, "California law allows for the revocation of parole, and thus continued imprisonment, where a prisoner refuses to sign his conditions of parole." (Dkt. No. 55 at 4.) Plaintiff's claims based on the alleged unlawful imprisonment are accordingly DISMISSED with prejudice. Further, Plaintiff's claims based on Defendant's alleged torture and falsification of medical records are also dismissed

4

because, as the Court concluded in its prior Order concerning Plaintiff's previous complaint, the TAC "is devoid of facts that support a plausible inference that Defendant entered into a conspiracy to keep Plaintiff imprisoned, abuse him while he remained imprisoned, and alter his medical records." (*Id.* at 5.) Plaintiff alleges that Defendant tortured him and falsified his medical records in an effort to force Plaintiff to sign the "illegal" parole contract. Plaintiff's allegations, however, are implausible considering that there was nothing unlawful about Defendant's requirement that Plaintiff sign his conditions of parole or remain imprisoned. Because Defendant had nothing to hide, it is implausible that Defendant would engage in a campaign of torture and fraud to convince Plaintiff to do something the law plainly required. Plaintiff's claims based on alleged torture and falsification of medical records are accordingly DISMISSED with prejudice.

Further, to the extent Plaintiff alleges a claim for violation of 42 U.S.C. § 1983, that claim is dismissed on the additional basis that it is barred by the Eleventh Amendment. *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) ("States or governmental entities that are considered arms of the State for Eleventh Amendment purposes are not persons under § 1983.") (internal quotation marks omitted).

Finally, in granting Defendant's motion, the Court declines to conclude that Plaintiff's claims are barred by the doctrine of res judicata. Res judicata bars the relitigation of any "matter that was within the scope of the action, related to the subject matter, and relevant to the issues so that it could have been raised" in the prior proceeding. *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1674-75 (2008); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981). The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F. 3d 1047, 1052 (9th Cir. 2005) (internal quotation marks omitted).

Defendant asserts that four other lawsuits—two in federal court in the Southern District of California, and two in San Francisco County Superior Court—have res judicata effect. The two federal court actions dismissed Plaintiff's *in forma pauperis* complaints pursuant to the courts' review required by 28 U.S.C. § 1915. In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court noted that dismissal under former Section 1915(d) "is not a dismissal on the merits, but rather an exercise of

5

the court's discretion under the *in forma pauperis* statute." *Id.* at 34.  The Court added that "the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Id.*  Put another way, a dismissal under Section 1915 "meant only that the litigant may not file the complaint at government expense." *Bator v. State of Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994); *see also Bridgewater v. Hayes Valley Ltd. P'ship*, 2012 WL 463972, at *2 n.2 (N.D. Cal. Feb. 13, 2012) ("Because Plaintiff's prior actions have been dismissed under 28 U.S.C. § 1915, there is no res judicata preclusion to the filing of a paid complaint.").  Given that Plaintiff has paid the filing fee in this case, his present complaint is not barred by the Section 1915 dismissal in the federal court actions.

Nor is res judicata appropriate based on the two state-court actions.  Both those actions dismissed Plaintiff's complaint because Plaintiff did not follow the state-court procedure for filing actions as a vexatious litigant.  Defendant has failed to explain why such a dismissal should be properly considered as a dismissal on the merits.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED.  Further, the dismissal is with prejudice given Plaintiff's repeated failure to plead facts that state a plausible claim for relief, despite the Court's previous attempt to explain the deficiencies of Plaintiff's claims.

IT IS SO ORDERED.

Dated: February 11, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE